UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
SAGE EL, also known as WINSTON HALL,

                Petitioner

     -against-

DANNY CHUN and JOSEPH FUCITO,

               Respondents.
---------------------------------------------------------------- X

MEMORANDUM & ORDER

18-cv-2470 (ENV)

VITALIANO, D.J.

On April 23, 2018, Sage El,[1] in local custody and incarcerated at the Brooklyn Detention Complex, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his current detention while a criminal case proceeds against him in Kings County Supreme Court.[2] *In forma pauperis* status is granted for purposes of this order, but, for the reasons set forth below, Sage El's habeas petition is dismissed.

### Background

Under § 2254, federal courts are granted the jurisdiction to entertain habeas petitions from persons who are "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). This grant of jurisdiction clearly states that a habeas petition shall not be granted until the petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L.

---

[1] Sage El also goes by the name Winston Hall.

[2] On April 5, 2018, Pamela Emani Taylor Bey filed a petition pursuant to 28 U.S.C. § 2241, purportedly on Sage El's behalf. It was dismissed on May 11, 2018. *Sage El v. Chun*, 18-cv-2031 (ENV), Dkt. No. 4.

1

Ed. 2d 438 (1971).

In order to be eligible for habeas relief, a petitioner must first be convicted and sentenced in state court, and then appeal his conviction or sentence in the state system before filing his habeas petition in federal court. Here, Sage El meets none of these requirements, as there is no indication that he has been convicted of the offenses with which he is charged or that he has exhausted his state court remedies, both of which are necessary to the filing of a petition under § 2254. Quite to the contrary, according to the Department of Correction's website and the state court's website, Sage's criminal proceeding is ongoing. http://a073-ils-web.nyc.gov/inmatelookup/pages/common/find.jsf (identified by his Book & Case Number 1001800169 (last visited Jul. 27, 2018); https://iapps.courts.state.ny.us/webcrim (identified by his name and case number, 06247-2017) (last visited Jul. 27, 2018). In short, this petition is premature and is dismissed without prejudice. *See* 28 U.S.C. § 2254; Rule 4 of the Rules Governing Section 2254 Habeas Corpus Cases in the United States District Courts, 28 U.S.C. foll. Sec. 2254.[3]

## Conclusion

Accordingly, Sage El's petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, is dismissed without prejudice. Further, as petitioner has not made a substantial showing of the denial of constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253.

---

[3] Federal courts have very limited authority to interfere in an on-going state criminal proceeding and, generally, must abstain from considering such premature complaints. *Younger v. Harris*, 401 U.S. 37, 41, 91 S. Ct. 746, 749, 27 L. Ed. 2d 669 (1971). Nothing in the pleadings suggests that Sage El's grievances come within any exception to the abstention requirement.

The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal would not be taken in good faith, and, therefore, *in forma pauperis* is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this memorandum and order to petitioner, to enter judgment accordingly, and to close this case for administrative purposes.

So Ordered.

Dated: Brooklyn, New York

August 5, 2018

/s/ Hon. Eric N. Vitaliano
ERIC N. VITALIANO

United States District Judge
